**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No. 20-cv-848**

**THE ESTATE OF EIRA SAENZ and
MARIA DE REFUGIO CORRAL, individually and as Personal Representative of The Estate of Eira Saenz**

    Plaintiffs,

v.

**JOHN P. BITTERMAN, Adams County Police Department, in his individual capacity; and ADAMS COUNTY, COLORADO**

    Defendants.

## COMPLAINT AND JURY DEMAND

COME NOW, the Plaintiffs, The Estate of Eira Saenz Sandoval, now Deceased, by and through Maria De Refugio Corral, Personal Representative, and Maria De Refugio Corral, individually, by and through their attorneys RAMOS LAW, hereby submit their Civil Complaint and Jury Demand against Defendants and sets forth herein:

### INTRODUCTION

On March 28, 2019 in Adams County, Colorado, Defendant John P. Bitterman (hereinafter, "Defendant Bitterman"), was a police officer who operated an Adams County Sheriff's Department vehicle with deliberate indifference to life causing the death of Eira Saenz Sandoval and gravely injuring Maria De Refugio Corral. As a result of Defendant Bitterman's conduct, he was subsequently charged with and convicted by a jury of his peers of the crimes of Careless

Driving Resulting in Death and Careless Driving Causing Physical Injury. This is an action for damages against Defendant Bitterman, an Adams County Police Officer, and Adams County pursuant to negligence and 42 U.S.C. §1983.

## JURISDICTION AND VENUE

1. At all material times mentioned herein, Plaintiff Maria De Refugio Corral was a resident of the City of Bennett, County of Adams, State of Colorado.

2. At all material times mentioned herein, decedent Eira Saenz Sandoval was a resident of the City of Bennett, County of Adams, State of Colorado.

3. Maria De Refugio Corral is the duly appointed Personal Representative of the Estate of Eira Saenz Sandoval.

4. At all material times mentioned herein, Maria De Refugio Corral is a resident of the City of Bennett, County of Adams, State of Colorado.

5. At all material times mentioned herein, Defendant John P. Bitterman is a resident of the City of Bennett, County of Adams, State of Colorado, and further was acting under color of State Law in the capacity of an Adams County Sheriff's Office.

6. Defendant Adams County is a body corporate and politic as set forth C.R.S. 30-11-101.

7. At all material times mentioned herein, Defendant Adams County employed Defendant Bitterman as a Commander with the Adams County Sherriff's Department.

8. This Court has jurisdiction of this action pursuant to 42 U.S.C. § 1983 which gives rise to subject matter jurisdiction in this Court pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(a)(3) and § 1343(a)(4) (civil rights).

9. Venue in this action properly lies in the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1391, as all Defendants reside within this federal judicial district. The events giving rise to this action took place at or near Adams County, Colorado within this district.

## FACTUAL ALLEGATIONS

10. On March 28, 2019 at approximately 7:49 a.m., Plaintiff Maria De Refugio Corral (hereinafter "Plaintiff Corral") was driving her 2007 Nissan Murano, VIN JN8AZ08W37W640752, Colorado license plate 833JEQ.

11. Plaintiff Eira Saenz Sandoval, mother of Plaintiff Corral, was the front seat passenger of the above vehicle.

12. Both Plaintiffs were properly restrained with their respective seatbelts.

13. Plaintiffs were traveling southbound on an undivided section of Highway 79 near the intersection of East 88th Avenue, in the City of Bennett, County of Adams, State of Colorado.

14. The posted speed limit on Highway 79 was 65 miles per hour.

15. Highway 79 was uncontrolled and had travel through-right-of-way.

16. On March 28, 2019 at approximately 7:49 a.m., Defendant Bitterman, a Commander with the Adams County Sheriff's Office, was driving an unmarked Adams County Sheriff's vehicle, namely a brown 2017 Ford Explorer, VIN 1FM5K8AR6HGC56833, Colorado license plate CQH599.

17. On March 28, 2019 at approximately 7:49 a.m., Defendant Bitterman was working in his official capacity as a Commander with the Adams County Sheriff's Office and was responding to a call.

18. Defendant Bitterman was traveling westbound on East 88th Avenue approaching the intersection with Highway 79.

19. The posted speed limit for westbound East 88th Avenue was 55 miles per hour.

20. Westbound East 88th Avenue was controlled with a stop sign for vehicles traveling on East 88th Avenue.

21. As Plaintiffs' vehicle approached the intersection with East 88th Avenue at an approximate speed of 55 miles per hour, Plaintiff Corral saw Defendant Bitterman's vehicle approach the intersection, assuming the vehicle would stop.

22. Plaintiff Corral saw no indicia that Defendant Bitterman's vehicle was a police vehicle; she saw no police lights illuminated on, or sirens sounding from, Defendant Bitterman's vehicle.

23. Defendant Bitterman failed to stop at his posted stop sign and instead accelerated his vehicle through the intersection.

24. Plaintiff Corral took accident avoidance maneuvers by engaging her steering and braking systems as proven by her vehicle's on-board computer and the evidence observed and collected at the scene of the accident.

25. Defendant Bitterman took no accident avoidance maneuvers as proven by his vehicle's on-board computer and the evidence observed and collected at the scene.

26. Plaintiff Corral could not avoid a collision with Defendant Bitterman.

27. Plaintiffs' vehicle's front end collided with Defendant Bitterman's vehicle's passenger side causing extreme property damage to both vehicles.

28. Defendant Bitterman was cited with Careless Driving (Causing Death to Another) and Careless Driving (Causing Bodily Injury to Another).

29. C.R.S. § 42-4-1402 states, in part: "(1) A person who drives a motor vehicle…in a careless and imprudent manner, without due regard for the width, grade, curves, corners, traffic, and use of the streets and highways and all other attendant circumstances, is guilty of careless driving…"

30. Colorado Revised Statutes § 42-4-1402 (2)(b) states: "If the person's actions are the proximate cause of bodily injury to another, such person commits a class 1 misdemeanor traffic offense."

31. Colorado Revised Statutes § 42-4-1402 (2)(c) states: "If the person's actions are the proximate cause of death to another, such person commits a class 1 misdemeanor traffic offense."

32. On January 21 and 22, 2020, Defendant Bitterman was tried by jury in Adams County Court before Honorable Leroy Kirby on the criminal charges against him.

33. During the trial, several witnesses testified nothing led them to believe Defendant Bitterman was a Police Officer at the time of the crash. It was noted in their testimony that they heard no police sirens coming from or saw police lights illuminated on Defendant Bitterman's vehicle at any time before or during the collision.

34. During the trial, the witnesses also testified Defendant Bitterman's vehicle was traveling approximately 50-60 miles per hour as it approached the intersection and that there was no indication that the vehicle would stop before it traveled through the intersection.

35. During the trial, these witnesses further testified Defendant Bitterman's failed to stop and that his actions and inactions were the sole and proximate cause of this collision.

36. One witness, Mr. Gutierrez testified that he looked over to Defendant Bitterman's vehicle and saw flashing lights only in the upper part of the rear window of that vehicle.

37. Another witness, Mr. Richard Tyler Ward, testified he arrived at the intersection after the accident had already occurred and asked Defendant Bitterman who was at-fault for the accident to which Defendant Bitterman said nothing and walked away.

38. Various first responder witnesses testified they did not recall seeing any emergency lights on, or sirens sounding from, Defendant Bitterman's vehicle.

39. Dr. Alex Ebinger of UC Health was the emergency room physician, who attended to Plaintiff Corral.

40. Dr. Ebinger was declared at trial to be an expert in emergency room medicine.

41. Dr. Ebinger prepared a serious bodily injury ("SBI") form on behalf of Plaintiff Corral for CSP technician Waters.

42. Plaintiff Corral sustained grievous bodily injury, namely: fractured sternum, fractured ribs, multiple fractures to her right tibia, multiple fractures to her right foot, multiple contusions, problems with memory, and anxiety, among others.

43. Plaintiff Corral has undergone surgical repairs to her lower right extremity.

44. Plaintiff Corral continues to undergo physical therapy and is a candidate for further surgery to her shoulder.

45. Plaintiff Corral has incurred greater than two-hundred fifty thousand dollars (US $250,000.00) in medical expenses and her medical expenses continue to increase.

46.     Plaintiff Saenz was pronounced dead at 8:27 a.m. on March 28, 2019.

47.     Dr. Steven Cina of the Adams County Coroner's performed Plaintiff Saenz' autopsy on March 29, 2019 at approximately 10:00 a.m.

48.     Dr. Steven Cina, who was declared an expert in forensic pathology, had previously performed approximately 7,000 autopsies in his medical career.

49.     Dr. Cina testified Plaintiff Saenz suffered multiple blunt force injuries, namely: multiple lacerations (bursting of skin due to blunt trauma as opposed to cuts caused by sharp objects); crushed chest (multiple fractures to right ribs 1-10 and left ribs 2-10); aorta ripped from heart; popped heart; lacerated left diaphragm; tear in mesentery, cracked C7 vertebra; fractured right humerus; fractured right knee; fractured right ankle; sternum broken in half; and fractured pelvis, among others.

50.     Dr. Cina testified Plaintiff Saenz died of multiple non-survivable blunt force injuries due to motor vehicle accident.

51.     Dr. Cina testified had Plaintiff immediately presented to an emergency room after the accident with such injuries while alive, she could not have been saved.

52.     Colorado State Patrol Technician Trent Waters of the Vehicular Crimes Unit was the officer assigned to investigate the March 28, 2019 crash.

53.     Technician Waters was declared an expert in accident reconstruction.

54.     Technician Waters testified he had been a state trooper for approximately twenty-three and one-half years (four and one-half years as a roadside trooper and nineteen years as a technician).

55. Technician Waters has been the assigned specialty investigator for high-profile accidents such as those that involve other officers or death.

56. Technician Waters has received approximately one thousand three hundred hours of accident reconstruction training that involves gathering information from the scene; mathematical analysis; advanced crash analysis involving physics, trigonometry, and driver reaction assessment; and applying these data to computerized environments by utilizing reconstruction software to develop two- and three-dimensional accident reconstruction reports.

57. Technician Waters has been accredited by the Accreditation Commission for Traffic Accident Reconstruction ("ACTAR") since approximately 2001 or 2002.

58. Technician Waters had investigated one thousand three hundred fifty-four car accidents of which two hundred twenty-three involved deaths.

59. Technician Waters has certifications in all equipment used in accident reconstruction including laser, airbag modules, global positioning satellite ("GPS"), Pharaoh CAD ("computer-aided design").

60. Technician Waters drafted traffic accident report #3D190287, noting a straight on-level blacktop road surface with no adverse weather conditions being factors contributing to the accident.

61. Technician Waters concluded Plaintiffs had the right of way and their vehicle's speed was not contributory to the accident.

62. Technician Waters concluded Defendant Bitterman did not have the right of way, disregarded his posted stop sign, and was liable for causing the accident.

63. Technician Waters found no evidence of defect in either vehicle.

64. Using braking efficiencies and airbag module technologies, Technician Waters estimated Plaintiffs' vehicle speed at impact was 54 miles per hour.

65. Using braking efficiencies and airbag module technologies, Technician Waters estimated Defendant Bitterman's vehicle speed at impact was 35 miles per hour.

66. Technician Waters cited Defendant Bitterman for Careless Driving Causing Death and Careless Driving Causing Physical Injury.

67. Various first responders, including Adams County Sheriff's Office deputies, testified that the best practice for officers responding to emergency situations is to do so with lights and sirens especially when approaching an intersection.

68. Pursuant to Adams County Sheriff's Office Policy #308, officers must respond to emergency calls with lights and sirens on when reasonably necessary and shall exercise due care and regard to the safety of others.

69. On January 22, 2020, Defendant Bitterman was convicted by jury of Careless Driving (Causing Death to Another) and Careless Driving (Causing Physical Injury To Another).

70. On February 28, 2020, Honorable Leroy Kirby sentenced Defendant Bitterman to two years' probation, two hundred fifty hours of useful public service, and restitution.

71. Defendant Bitterman's conviction of Careless Driving (Causing Death to Another) incurred a further penalty of twelve points having been assessed against Defendant Bitterman's license.

72. Defendant Bitterman's conviction of Careless Driving (Causing Bodily Injury to Another) incurred an additional penalty of four points having been assessed against Defendant Bitterman's license.

73. As a result of Defendant Bitterman's convictions and accumulated points, the Colorado Department of Motor Vehicles suspended Defendant Bitterman's privilege to drive for one year.

### COUNT ONE
NEGLIGENCE – DEFENDANT BITTERMAN
(*Plaintiff The Estate of Eira Saenz Sandoval*)

74. All preceding paragraphs are incorporated by reference as though fully set forth herein.

75. Defendant Bitterman negligently, recklessly, and with deliberate indifference to the safety and life of others, operated a 2017 Ford Explorer that was owned by Defendant Adams County.

76. Defendant Bitterman's conduct included, but was not limited to, failing to stop at a stop sign for vehicles traveling on East 88th Avenue and failing to maintain a proper lookout for other vehicles, causing the death of Eira Saenz Sandoval.

77. Defendant Bitterman violated C.R.S. §42-4-1402 which constitutes negligence per se.

78. The guilty verdicts in the criminal case against Defendant Bitterman, pursuant to Colorado law on issue preclusion, establish that the Defendant Bitterman was negligent as a matter of law.

79. As a sole, direct and proximate result of the negligence of the Defendant Bitterman the Plaintiff The Estate of Eira Saenz Sandoval seeks all damages allowed for wrongful death and survival claims relating to Eira Saenz Sandoval's death, including but not limited to ambulance and coroner services, funeral expenses, future loss of earnings, future loss of benefits, loss of

support, care, love, assistance, protection, affection, companionship, grief, suffering, derivative loss of injury, and nonpecuniary harm.

**COUNT TWO**
NEGLIGENCE – DEFENDANT BITTERMAN
(*Plaintiff Maria De Refugio Corral, individually*)

80. All preceding paragraphs are incorporated by reference as though fully set forth herein.

81. As a result of Defendant Bitterman's negligence, the Plaintiff Maria De Refugio Corral sustained the following, but not limited to, injuries:

   a. Right tibia fracture
   b. Cervical strain
   c. Cervical contusion
   d. Chest wall contusion
   e. Contusion of anterior left chest wall
   f. Right breast contusion
   g. Right shoulder strain and rotator cuff tear
   h. Right shoulder arthrofibrosis
   i. Right sternoclavicular joint disarticulate fracture
   j. Concussion
   k. Right upper extremity paresthesia
   l. Right wrist strain
   m. Right elbow strain
   n. Right ankle strain, talar dome fracture and osteochondral defect

      o.   Anxiety associated with traveling in vehicles

82. As a sole, direct and proximate result of the negligence of the Defendant Bitterman, Plaintiff Maria De Refugio Corral, individually, seeks damages for his personal injuries, which include past and future health care treatment, past and future income loss damages, past and future non-economic damages, past and future physical impairment damages, plus pre and post judgment interest and costs.

## COUNT THREE
### 42 U.S.C. §1983 - DEFENDANT BITTERMAN
*(Plaintiffs The Estate of Eira Saenz Sandoval and Maria De Refugio Corral)*

83. All preceding paragraphs are incorporated by reference as though fully set forth herein.

84. This cause of action arises under 42 U.S.C. § 1983 and is alleged against Defendant Bitterman, in his individual capacity, for his actions causing the deprivation of Plaintiffs' constitutional rights to life, liberty, and personal security under the 14th Amendment of the United States Constitution.

85. At all material times mentioned herein, Defendant Bitterman was acting under the color of law of the State of Colorado.

86. Defendant Bitterman's conduct set forth herein was conducted arbitrarily, capriciously, and with reckless indifference to human life.

87. Defendant Bitterman's conduct set forth herein was in violation of clearly established law and was an intentional misuse of the vehicle he was driving. Defendant Bitterman's conduct deprived Plaintiffs of their constitutional rights to life, liberty, and personal security.

88. As a sole, direct, and proximate result of Defendant Bitterman's conduct while operating under color of state law, Eira Saenz Sandoval was killed by Defendant Bitterman, and Plaintiff Maria De Refugio Corral was severely injured.

89. As a result of Defendant Bitterman's conduct, he is in violation of 42 U.S.C. § 1983 entitling Plaintiffs to (1) compensatory damages in an amount to be determined, which amount shall be proven at trial; (2) punitive damages in an amount to be determined, which amount shall be proven at trial; (3) reasonable attorney's fees and costs under 42 U.S.C. § 1988; (4) pre- and post-judgment interest; (5) costs; and (6) such other and further relief as this Court deems proper.

**COUNT FOUR**
VICARIOUS LIABILITY AND *RESPONDEAT SUPERIOR* - DEFENDANT ADAMS COUNTY
(*Plaintiff Maria De Refugio Corral*)

90. All preceding paragraphs are incorporated by reference as though fully set forth herein.

91. This Count arises under Colorado common law and is alleged against Defendant Adams County.

92. At all relevant times, the Defendant Bitterman was an employee and/or agent of Defendant Adams County.

93. Defendant Adams County is liable for the actions of its respective employees/agents pursuant to vicarious liability and *Respondeat Superior* law for Plaintiff- Maria De Refugio Corral's injuries and damages.

94. By virtue of the Defendant Bitterman being an employee and/or agent of Defendant Adams County, and because he was acting within the course and scope of his employment and authority at the time of the above-referenced incidents, the acts and omissions of Defendant

Bitterman are deemed the acts and omissions of Defendant Adams County pursuant to the doctrine of *Respondeat Superior*.

95. Defendant Adams County is vicariously liable for the acts of its respective employees/agents pursuant to *Respondeat Superior* law as a proximate cause of Plaintiff's injuries and damages.

96. Plaintiff Maria De Refugio Corral is entitled to any and all damages pursuant to Colorado law.

### COUNT FIVE
VICARIOUS LIABILITY AND *RESPONDEAT SUPERIOR* - DEFENDANT ADAMS COUNTY
(*Plaintiff The Estate of Eira Saenz Sandoval*)

97. All preceding paragraphs are incorporated by reference as though fully set forth herein.

98. This Count arises under Colorado common law and is alleged against Defendant Adams County.

99. At all relevant times, the Defendant Bitterman was an employee and/or agent of Defendant Adams County.

100. Defendant Adams County is liable for the actions of its respective employees/agents pursuant to vicarious liability and *Respondeat Superior* law for Plaintiff the Estate of Eira Saenz Sandoval's death.

101. By virtue of the Defendant Bitterman being an employee and/or agent of Defendant Adams County, and because he was acting within the course and scope of his employment and authority at the time of the above-referenced incidents, the acts and omissions of Defendant

Bitterman are deemed the acts and omissions of Defendant Adams County pursuant to the doctrine of *Respondeat Superior*.

102.  Defendant Adams County is vicariously liable for the acts of its respective employees/agents pursuant to *Respondeat Superior* law as a proximate cause of Plaintiff the Estate of Eira Saenz Sandoval's death.

103.  Plaintiff is entitled to any and all damages pursuant to Colorado law.

WHEREFORE, Plaintiffs request that judgment be entered in their favor and against the Defendants, and each of them, jointly and severally, in an amount to be determined at trial for all damages allowed, plus all costs allowed by law, pre- and post-judgment interest as permitted by law, for attorney's fees, and for such other and further relief as the court deems proper in the premises.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a trial by jury with respect to each of the claims alleged herein.

DATED:  March 27, 2020.

Respectfully submitted,

RAMOS LAW
*Original Signatures on File*


*/s/ Joseph P. Ramos*
Joseph P. Ramos, Esq., M.D.

*/s/ Clarence E. Gamble*
Clarence E. Gamble, Esq.

*/s/ Russell O. Araya*
Russell O. Araya, Esq.
3000 Youngfield Street, Suite 200
Wheat Ridge, CO 80215
T: 303.733.6353
F: 303.865.5666
E: joe@ramoslaw.com
   clarence@ramoslaw.com
   russell@ramoslaw.com