IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  20-cv-00848-NRN

THE ESTATE OF EIRA SAENZ and
MARIA DE REFUGIO CORRAL, individually and as Personal Representative of The
Estate of Eira Saenz,

Plaintiffs,

v.

JOHN P. BITTERMAN, Adams County Police Department, in his individual capacity;
and ADAMS COUNTY, COLORADO,

Defendants.

---

**ORDER ON
DEFENDANTS' PARTIAL MOTION TO DISMISS (Dkt. #15)**

---

**N. REID NEUREITER
United State Magistrate Judge**

This case is before the Court for all purposes upon consent of the parties and

referral by Chief Judge Brimmer on May 12, 2020. Dkt. ##18 & 19. Currently before the

Court is Defendant John P. Bitterman's Partial Motion to Dismiss. Dkt. #15. Plaintiffs,

the Estate of Eira Saenz and Maria de Refugio Corral, individually and as Personal

Representative of the Estate of Eira Saenz (together, "Plaintiffs"), responded, Dkt. #22,

and Defendant Bitterman replied. Dkt. #19. The Court heard argument from the parties

on June 24, 2020. The Court has taken judicial notice of the Court's file, considered the

applicable Federal Rules of Civil Procedure and case law, and, for the reasons outlined

below, finds that Plaintiffs' Third Claim for Relief in their Complaint adequately states a

claim for relief against Defendant Bitterman, and accordingly DENIES the Partial Motion to Dismiss.

## BACKGROUND

The following facts are assumed to be true:

On the morning of March 28, 2019, Defendant Bitterman, an Adams County Sherriff's Department deputy, while responding to a call in an unmarked sheriff's car without lights or sirens activated, failed to stop at a stop sign and drove through the intersection of Highway 79 and East 88th Avenue in Bennett, Colorado. Dkt. #1 ¶¶ 10–27. Plaintiff Maria de Refugio Corral was driving through the intersection with her mother, Eira Saenz Sandoval, as a passenger, and despite trying to avoid the collision, hit the passenger side of Defendant Bitterman's car. *Id.* Ms. De Refugio Corral had the right of way, with no traffic sign or signal requiring her to stop or yield before entering the intersection. *Id.* ¶ 15.

Ms. Saenz Sandoval died as a result of the injuries she suffered in the accident. *Id.* ¶¶ 46–51. Ms. de Refugio Corral was seriously injured, requiring surgery and physical therapy, and suffers from memory problems and anxiety. *Id.* ¶¶ 42–45. At a criminal trial, Defendant Bitterman was found guilty of careless driving resulting in death and careless driving resulting in serious bodily injury. *Id.* ¶ 28–32.

Plaintiffs filed a Complaint and Jury Demand, asserting five claims for relief: negligence against Defendant Bitterman (Counts One and Two), violation of 42 U.S.C. § 1983 against Defendant Bitterman (Count Three), and vicarious liability against Adams County (Counts Four and Five). Dkt. #1. Defendant Bitterman seeks dismissal of the section 1983 claim against him.

## LEGAL STANDARDS

### I.    *Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.,* 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hull v. Dutton*, 935 F.2d 1194, 1198 (11th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff plead facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The *Iqbal* evaluation requires two prongs of analysis. First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 679–81. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 679.

However, the Court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted).

## II.   *42 U.S.C. § 1983*

To assert a claim under § 1983, a plaintiff must establish (1) a violation of rights protected by the federal Constitution or created by a federal statute or regulation, (2) that was proximately caused (3) by the conduct of a "person" (4) who acted under color of any state statute, ordinance, regulation, custom, or usage. *Summum v. City of Ogden*, 297 F.3d 995, 1000–01 (10th Cir. 2002). The Due Process Clause of the Fourteenth Amendment states that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The Supreme Court has emphasized that "the touchstone of due process is protection of the individual against arbitrary action of government," and "only the most egregious official conduct can be said to be arbitrary in the constitutional sense." *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 845–46 (1998) (internal brackets, quotation marks, and citations omitted). The

due process clause of the Fourteenth Amendment has a procedural component and a substantive component. *See Browder v. City of Albuquerque*, 787 F.3d 1076, 1078 (10th Cir. 2015) ("*Browder I*").

Plaintiffs advance a substantive due process claim which relies on the "substantive component of the Clause that protects individual liberty against certain government actions regardless of the fairness of the procedures used to implement them." *Id.* (internal quotation marks and citation omitted). To establish a substantive due process violation, a plaintiff must show that the defendant's behavior was "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Lewis*, 523 U.S. at 847 n.8. "The level of culpability required for action to shock the conscience largely depends on the context of the action." *Browder v. Casaus*, 675 F. App'x 845, 847 (10th Cir. 2017) (unpublished) ("*Browder II*").

When considering the context of a Fourteenth Amendment substantive due process case, there are two levels of culpability that could support a claim, depending on the circumstances: deliberate indifference and intent to harm. *See Lewis*, 523 U.S. at 849, 854 (addressing intent to harm standard); *Green v. Post*, 574 F.3d 1294, 1302 (10th Cir. 2009) (describing the deliberate indifference standard).

In the context of a claim for injuries caused by a collision when an officer is driving, "the intent to harm standard most clearly applies in rapidly evolving, fluid, and dangerous situations which preclude the luxury of calm and reflective deliberation." *Perez v. Unified Gov't of Wyandotte Cty./Kansas City, Kan.,* 432 F.3d 1163, 1167 (10th Cir. 2005*)* (internal quotation and citation omitted). *See also Lewis*, 523 U.S. at 836 (holding that "only a purpose to cause harm unrelated to the legitimate object of arrest

will satisfy the element of arbitrary conduct shocking to the conscience, necessary for a due process violation"). "The touchstone is whether the officers 'acted with an intent to harm the participants or to worsen their legal plight.'" *Childress v. City of Arapaho,* 210 F.3d 1154, 1158 (10th Cir. 2000) (quoting *Radecki v. Barela*, 146 F.3d 1227, 1232 (10th Cir. 1998)).

In contrast to emergency situations, when actual deliberation is practical, the court will employ a deliberate indifference standard. *Green*, 574 F.3d at 1301. To employ the deliberate indifference standard, the Court must assess "the circumstances that surround the conduct at issue and the governmental interest at stake." *Id.* at 1302. For example, in *Browder II*, an officer ran a red light in his police car causing a crash, killing one occupant and seriously injuring the other. 675 F. App'x at 846. The Tenth Circuit applied the deliberate indifference standard because the officer was not responding to an emergency, nor was he pursuing law enforcement goals. *Id.* at 848. Instead, he was "speeding through city streets for almost nine miles through eleven city intersections and at least one red light—all for [the officer's] personal pleasure, on no governmental business of any kind." *Id.* The court held that the officer had the "luxury of having time to make unhurried judgments, upon the chance for repeated reflection, largely uncomplicated by the pulls of competing [law enforcement] obligations." *Id.* (internal quotation marks omitted) (quoting *Green*, 574 F.3d at 1303).

### III.    *Qualified Immunity*

When a defendant raises qualified immunity in a Rule 12(b)(6) motion to dismiss, courts employ a two-step process. The threshold inquiry is whether the facts taken in the light most favorable to the plaintiff sufficiently allege a constitutional violation.

*Saucier v. Katz*, 533 U.S. 194, 201 (2001). "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Id.* However, "if a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established." *Id.*

"Although qualified immunity defenses are typically resolved at the summary judgment stage, district courts may grant motions to dismiss on the basis of qualified immunity. Asserting a qualified immunity defense via a Rule 12(b)(6) motion, however, subjects the defendant to a more challenging standard of review than would apply on summary judgment." *Thomas v. Kaven*, 765 F.3d 1183, 1194 (10th Cir. 2014) (citing *Peterson v. Jensen*, 371 F.3d 1199, 1201 (10th Cir. 2004). *See also Behrens v. Pelletier*, 516 U.S. 299, 309 (1996) (noting that at the motion to dismiss stage, "it is the defendant's conduct *as alleged in the complaint* that is scrutinized for objective legal reasonableness") (internal quotation marks omitted) (emphasis in original).

"A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (citing *Reichle v. Howards*, 566 U.S. 658, 664 (2012) (internal quotations omitted)). "A plaintiff may show clearly established law by pointing to either a Supreme Court or Tenth Circuit decision, or the weight of authority from other courts, existing at the time of the alleged violation." *Ali v. Duboise*, 763 F. App'x 645, 650 (10th Cir. 2019) (unpublished) (citing *T.D. v. Patton*, 868 F.3d 1209, 1220 (10th Cir. 2017)) (internal quotations omitted). "[C]learly established law should not be defined at a high level of generality." *White v. Pauly*, 137 S. Ct. 548, 552 (2017) (citing *Ashcroft v.*

*al-Kidd*, 563 U.S. 731, 742 (2011)) (internal quotations omitted). "Although a plaintiff need not identify a case directly on point, existing precedent must have placed the statutory or constitutional question beyond debate." *Ali*, 763 F. App'x at 650 (citing *Mullenix*, 136 S. Ct. at 308) (internal quotations omitted). *See also White*, 137 S. Ct. at 551.

## ANALYSIS

At issue is Plaintiffs' Third Claim for Relief pursuant to 42 U.S.C. §1983 for violation of Plaintiffs' substantive due process rights under the Fourteenth Amendment of the United States Constitution. Plaintiffs specifically allege that Defendant Bitterman was acting under the color of Colorado state law, and acted with sufficient culpability because he was not on an emergency call when, in an unmarked car without lights or sirens, he failed to stop at the stop sign and collided with Ms. De Refugio Corral's car. Dkt. #1 ¶¶ 84–88.

Citing paragraphs 23 and 65 of the Complaint, Plaintiffs argue in their Response that they alleged that, "as he approached the intersection, Defendant Bitterman initially decreased his speed, but then accelerated." Dkt. #22 ¶ 8. But, paragraphs 23 and 65 say nothing about Defendant Bitterman initially decreasing his speed before accelerating, and in paragraph 34, Plaintiffs allege that witnesses at the criminal trial testified "that there was no indication that the vehicle would stop before it traveled through the intersection." Dkt. #1 ¶¶ 23, 34 & 65. Because Plaintiffs' argument that Defendant Bitterman initially decreased his speed and then accelerated appears nowhere in the Complaint, the Court will not consider it in making its ruling here. *See*

*Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995) ("extraneous arguments in a responsive brief may not be relied upon to circumvent pleading defects").

Defendant Bitterman argues that Plaintiffs' claim fails because Plaintiffs do not allege that he acted with an intent to harm, and cannot show that his conduct was in violation of clearly established law applicable to the circumstances of this case.

## I.     *Intent to Harm vs. Deliberate Indifference*

Defendant Bitterman argues that Plaintiffs must allege facts to indicate that he was acting with an intent to harm under *Lewis*. The Court does not agree. The Complaint does not specifically allege that Defendant Bitterman was responding to an emergency, stating only that he was "responding to a call." Dkt. #1 ¶ 17. Defendant argues that Plaintiffs concede that he was responding to an emergency by referencing an Adams County Sheriff's Office policy that mandates the use of lights and sirens when responding to emergency calls. In making this argument, Defendant Bitterman asks the Court to make an inference that is in favor of Defendant and against Plaintiffs, which the Court cannot do. *Hull,* 935 F.2d at 1198. The Court finds that Plaintiffs' allegation with respect to the ACSO policy is more reasonably construed to mean that the fact that Defendant Bitterman did not use lights and sirens is evidence that he was *not* responding to an emergency.

Defendant Bitterman also argues that Plaintiffs' allegation that he engaged in "intentional misuse of the vehicle he was driving" is unsupported by factual averments of the Complaint and contrary to their allegation that Defendant Bitterman was carrying out his official duties. Dkt. #15 at 7. The Court does not find these allegations mutually exclusive.

Defendant Bitterman next argues that the Plaintiffs' Complaint describes his conduct as negligence, and that negligence is insufficient to make a claim under § 1983, citing 12 paragraphs of the Complaint in support of his argument. Dkt. #15 p. 7. But the paragraphs pointed to by Defendant relate to the criminal charges for careless driving (Dkt. #1, ¶¶ 29, 66, 69, 71, 72, 75, 77, 78, & 79) or Plaintiffs' specific claim for negligence against Defendant Bitterman, (Id. ¶¶ 81 & 82). With respect to Plaintiffs' allegations relating to the criminal charges against Defendant Bitterman, he cites no authority to support a conclusion that a finding of criminal negligence would preclude a finding of deliberate indifference in the civil context. Moreover, it is well established that Plaintiffs are permitted to plead in the alternative. Fed. R. Civ. P. 8(d)(2) & (3).

Finding that Plaintiffs are not required to plead intent to harm on the part of Defendant Bitterman, the Court looks to see if the Complaint contains sufficient factual allegations to state a plausible claim that Defendant Bitterman was deliberately indifferent when he failed to stop at the stop sign and drove through the intersection. Defendant Bitterman was in an unmarked car without any lights or sirens, ran a stop sign, and did not take avoidance measures. Assuming that he was not responding to an emergency call, it is plausible that Defendant Bitterman acted with deliberate indifference in causing the accident.

At this stage of the proceedings, the Court finds that Plaintiffs' Complaint contains factual allegations that state a plausible claim for a Fourteenth Amendment substantive due process claim against Defendant. Bitterman.

## II.      *Clearly Established Law*

Defendant next argues that Plaintiffs cannot identify law that clearly establishes that Defendant Bitterman's actions were a violation of a constitutional right. Defendant asserts that this case is like the *Green* and *Burgin* cases because the collision occurred while Bitterman was in a "rapid response to a call for service," and the *Green* and *Burgin* cases establish that in such circumstances, there is no violation of a constitutional right unless the actions are taken with an intent to harm.

In *Green*, the Tenth Circuit found there was no deliberate indifference when an officer sped through a yellow light in response to an official call, which, while not an emergency, "nonetheless required a rapid response." 574 F.3d at 1303. However, the Tenth Circuit also stated in *Green*, "In so holding, we do not attempt to set out any bright-line rules regarding all police conduct." *Id.* at 1304.

In *Burgin*, the Tenth Circuit found a deputy who, while responding to a non-emergent call, lost control of his vehicle and struck the plaintiff's vehicle that was pulled over on the side of the road, "exhibited no more than ordinary negligence." 529 F. App'x at 884–85. Because the Complaint contains allegations to support a conclusion that Defendant Bitterman exhibited more than ordinary negligence, the Court finds *Burgin* inapplicable.

More importantly, the Tenth Circuit stated explicitly in *Browder I* that the law clearly established that a police officer could be liable "for driving in a manner that exhibits a conscience-shocking deliberate indifference to the lives of those around him." 787 F.3d at 1083 (internal quotation marks omitted). *See also Browder II*, 675 F. App'x at 850 (*Browder I* clearly established that "speeding and running a red light for no law

enforcement reason" could give rise to a substantive due process claim); *Lewis*, 523 U.S. at 854 n.13 (when a private person suffers a serious physical injury "due to a police officer's intentional misuse of his vehicle" a viable due process claim can arise).

The Court finds that the allegations in Plaintiff's Complaint plausibly support a conclusion that Defendant Bitterman was not responding to an emergency when he chose to ignore a stop sign and drive an unmarked vehicle without lights or sirens through an intersection where the opposing traffic had the right of way. Assuming these facts are true, the Court finds that a reasonable officer would understand that these actions violate the constitutional right to substantive due process.

## CONCLUSION

Defendant Bitterman's Partial Motion to Dismiss (Dkt. #15) is DENIED.

Date:  July 15, 2020                                By the Court:

N. Reid Neureiter
United States Magistrate Judge