IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00848-NRN

THE ESTATE OF EIRA SAENZ and
MARIA DE REFUGIO CORRAL, individually and as Personal Representative of The Estate of Eira Saenz,

Plaintiffs,

v.

JOHN P. BITTERMAN, Adams County Police Department, in his individual capacity; and ADAMS COUNTY, COLORADO,

Defendants.

**ORDER DENYING DEFENDANTS' ORAL REQUEST TO SUBMIT MORE EVIDENCE IN OPPOSITION TO PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT**

Entered by Magistrate Judge N. Reid Neureiter

The Court today heard argument on Plaintiff's Motion for Partial Summary Judgment. Dkt. 44. A critical, arguably dispositive, issue in the case is whether Defendant Bitterman's emergency lights were on at the time of the tragic accident. Plaintiff has moved for partial summary judgment on her claim for negligence per se, arguing that there is no disputed issue of fact as to whether Defendant Bitterman's emergency lights were on. Plaintiff relies in large part on the testimony of eyewitnesses (who saw no emergency lights prior to the accident) and the testimony of an expert accident reconstruction expert who testified at Defendant Bitterman's criminal trial.

In Defendant's brief in opposition Plaintiff's Motion (Dkt. #58), Defendant argues that the motion should be denied, in part, because more, yet-to-be-discovered evidence will reveal that there are disputed facts on the issue of the emergency lights that would justify a trial. *See* Dkt. #28 at 8–9 ("Defendant contends that additional discovery will demonstrate that his emergency lights would likely have been active prior to the accident. For example, such conclusion may be drawn from findings that the lights could not have been activated as a result of the collision itself, based on the nature and positioning of the vehicle's control panel and the trajectory of the Defendant's body within the passenger compartment at the time of the impact.").

First, the fact that discovery is still open does not bar a district court from resolving a fully briefed summary judgment motion. *See, e.g., Dulany v. Carnahan*, 132 F.3d 1234, 1238–39 (8th Cir. 1997); *King v. Cooke*, 26 F.3d 720, 725–26 (7th Cir. 1994); *see also Fla. Power & Light Co. v. Allis Chalmers Corp.*, 893 F.2d 1313, 1316

(11th Cir. 1990) (explaining that "it would be inappropriate to limit summary judgment to cases where discovery is complete in light of the valuable role served by summary judgment and the commitment of discovery issues to the sound discretion of the trial judge" (internal quotation marks omitted)).

At the hearing on Plaintiff's Motion, it was pointed out to defense counsel that the time for presenting evidence in opposition to a motion for summary judgment is <u>at the time of the briefing and argument on summary judgment</u>. And, if a party cannot muster such necessary evidence in a timely way then the Rules provide a mechanism for potential relief. Under Rule 56(d), which is titled "When Facts are Unavailable to the Nonmovant," if "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."

A prerequisite to granting relief under Rule 56(d) is an affidavit furnished by the nonmovant. *Comm. for First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992) (citing *Pasternak v. Lear Petroleum Exploration, Inc.*, 790 F.2d 828, 832 (10th Cir. 1986)). "Although the affidavit need not contain evidentiary facts, it must explain why facts precluding summary judgment cannot be presented." *Id.* (citing 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2740 at 530 (1983)). As such, in order to invoke Rule 56(d), a party must: (i) file an affidavit; (ii) identify the probable facts not available, their relevance, and what steps have been taken to obtain those facts; (iii) explain why facts precluding summary judgment cannot be presented; and (iv) state with specificity how the desired time would enable the nonmoving party to meet its burden in opposing summary judgment. *Stevenson v. City of Albuquerque*, 446 F. Supp. 3d 806, 877 (D.N.M. 2020) (citations omitted).

"Rule 56[d] is not a license for a fishing expedition," *Lewis v. City of Ft. Collins*, 903 F.2d 752, 759 (10th Cir. 1990), and "it may not be invoked based solely upon the assertion that discovery is incomplete or that the specific facts necessary to oppose summary judgment are unavailable." *Schaefer v. Antill*, No. 06-0460, 2007 WL 709046 (D.N.M. Jan. 31, 2007) (citing Rule 56(f)). "Unless dilatory or lacking in merit," a party's request for discovery pursuant to Rule 56(d) "should be liberally treated." *Jensen v. Redevelopment Agency of Sandy City*, 998 F.2d 1550, 1553-54 (10th Cir. 1993). "The rule will not be liberally applied to aid parties who have been lazy or dilatory, however. The most obvious indication of lack of diligence is a failure on the part of the nonmovant to present affidavits under either subdivision (c) or (d)." 10B Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2740 at 370–71 (2016)); *see also Nieves-Romero v. United States*, 715 F.3d 375, 381 (1st Cir. 2013) (explaining that a party cannot oppose a summary-judgment motion on the merits and try to save the day by belatedly invoking the rule permitting a court to allow additional time for discovery on summary judgment; rather, he must stake his claim to protection under the summary judgment discovery rule at the time he responds to the summary judgment motion). The Tenth Circuit reviews a district court's Rule 56(d) determination for abuse

of discretion. *Patty Precision v. Brown & Sharpe Mfg. Co.*, 742 F.2d 1260, 1264 (10th Cir. 1984).

Here, other than belatedly asking at oral argument on Plaintiff's Motion for Summary Judgment for additional time to obtain affidavits or expert testimony to oppose Plaintiff's Motion, defense counsel did none of the things required under Rule 56(d)—presented no affidavit or declaration, presented no explanation as to why facts were not available or the steps that have been taken to obtain those facts. In explaining why no expert report had been submitted purporting to show that that the emergency lights were on at the time of the crash, defense counsel noted that the time for expert disclosures has not yet arrived in this case. But discovery deadlines are different from deadlines to respond to motions for summary judgment. And merely stating that an expert report is coming is no justification for not procuring it in a timely way so that it can be considered in connection with the summary judgment motion. A party may not move to defer a ruling on summary judgment by simply stating that discovery is incomplete. She must state with specificity how the additional material will rebut the summary judgment motion. *Garcia v. U.S. Air Force*, 533 F.3d 1170,1179 (10th Cir. 2008).

For these reasons, the Court will deny Defendant's oral motion to submit additional evidence in opposition to Plaintiff's Motion for Partial Summary Judgment. Defendant did not comply with the requirements of Rule 56(d) and the reasons given for needing more time lack merit. Defense counsel presented no legitimate reason for not mustering all potential evidence in opposition to Plaintiff's summary judgment motion. Therefore, Plaintiff's Motion will be decided based on the argument and evidence presented to date.

Date: October 15, 2020